In re Francesco SCARDINO, a/k/a Francis G., Frank G., individually and jointly, and Anne C. Scardino, individually and jointly, Debtors.

**LINCOLN BANK, Plaintiff,**

v.

**Francesco SCARDINO, a/k/a Francis G., Frank G., individually and jointly, and Anne C. Scardino, individually and jointly, Defendants.**

**Bankruptcy No. 80–00573 T.**
**Adv. No. 80–0434.**

United States Bankruptcy Court,
E.D. Pennsylvania.

Sept. 19, 1984.

Jay G. Fischer, Downingtown, Pa., for debtors.

Walter Weir, Jr., Fellheimer, Eichen & Goodman, Philadelphia, Pa., for plaintiff.

MEMORANDUM OPINION

THOMAS M. TWARDOWSKI, Bankruptcy Judge.

In this adversary proceeding, the plaintiff has filed, pursuant to section 523(a)(2)(A) and (B) of the Bankruptcy Code, 11 U.S.C. § 523(a)(2)(A) and (B), a complaint objecting to the discharge of the debtors' joint debt to the plaintiff in the amount of $80,000.00. For the reasons hereinafter given, we find that the debt is nondischargeable as to Francesco Scardino, but is dischargeable as to Anne Scardino, his wife.[1]

---

**1.** This Memorandum Opinion constitutes the findings of fact and conclusions of law required by Rule 7052 of the Bankruptcy Rules.

Through grossly fraudulent conduct, involving both oral and written statements, Mr. Scardino induced the plaintiff to extend a $100,000.00 line of credit to a corporation with which Mr. Scardino had no connection, and which was not involved in the transaction. Mr. Scardino fraudulently used the $100,000.00 for his own purposes. Subsequently, after the plaintiff learned of Mr. Scardino's fraudulent conduct, and because of that fraudulent conduct, the debtors repaid $20,000.00 to the plaintiff and signed a judgment note payable to the plaintiff for the remaining $80,000.00. It is this $80,000.00 judgment note debt which is the subject of the present proceeding.

The debtors argue that they committed no fraud with regard to the judgment note itself and that they did not receive any money, property, or consideration of any kind in return for signing the judgment note. Therefore, they contend that the judgment note debt is dischargeable.

■ We find no merit whatsoever in the debtors' argument. It is abundantly clear to us that the judgment note debt is the direct result of Mr. Scardino's prior grossly fraudulent conduct and cannot be considered separately from such conduct for dischargeability purposes. Therefore, we conclude that the debt is nondischargeable as to Mr. Scardino.

■ We find, however, that the plaintiff has not proven by clear and convincing evidence that Mrs. Scardino took part in her husband's fraudulent conduct. Therefore, we conclude that the debt is dischargeable as to Mrs. Scardino.